UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTI HARTSFIELD | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| FASTENAL COMPANY | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Christi Hartsfield, files this Plaintiff's Original Complaint against Defendant Fastenal Company, and would respectfully show the following:

### I.  PARTIES

1.      Plaintiff, Christi Hartsfield, is an individual that is a citizen of the State of Texas.

2.      Defendant, Fastenal Company, is a corporation that is incorporated under the laws of the State of Minnesota.  Defendant has multiple locations for business in the State of Texas and can be served through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### II.  JURISDICTION AND VENUE

3.      The Court has jurisdiction over the lawsuit because the suit arises under 42 U.S.C. § 2000e, *et seq*.

4.      Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state.

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days after

receiving a notice of the right to sue from the EEOC.  A copy of the right to sue is attached as Exhibit "A."

## IV.  DISCRIMINATION UNDER TITLE VII

6.      Plaintiff was an employee within the meaning of Title VII and TEX. LABOR CODE § 21.002(7) and belongs to a class protected under the statute, namely as a female employee.

7.      Defendant is an employer within the meaning of Title VII and TEX. LABOR CODE § 21.002(8) and is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

8.      Plaintiff was hired by Fastenal Company on January 16, 2013.  During Plaintiff's employment with Fastenal, she was not reprimanded, disciplined or demoted (verbally or in writing) until her termination.  Plaintiff was originally hired as inside salesperson.  In October 2013, she became the general manager at the Lumberton location of Fastenal.

9.      Kenneth Todd Anderson, Plaintiff's supervisor at the time of her termination, was employed by Defendant as the district manager over Fastenal's Sulpher, Jennings and Lake Charles, Louisiana locations as well as Fastenal's Port Arthur, Beaumont, Jasper and Lumberton, Texas locations.  Mr. Anderson was employed by Defendant to take tangible employment actions against Plaintiff, including the firing of Plaintiff.

10.     Defendant intentionally discriminated against Plaintiff because of her sex in violation of Title VII by treating similarly situated male employees differently than Plaintiff.

11.     On October 6, 2014, Plaintiff was terminated by Kenneth Todd Anderson for asking a fellow employee to attend a conference call on Plaintiff's behalf and to advise others that Plaintiff was visiting a customer during the time of the call when, in fact, she was not.

12.    Defendants intentionally discriminated against Plaintiff in that Plaintiff's termination was unduly harsh and not in keeping with previous incidents of a similar nature regarding male employees.  Indeed, there are at least two specific incidents in which male employees were treated differently from Plaintiff for the same or similar infractions.

13.    Joe Charles was the former Lumberton general manager (the same position held by Plaintiff).  In approximately July or August 2013, Mr. Charles was demoted for not doing his job, lying about his whereabouts and not being available as needed.  At the time of the demotion, this was Mr. Charles' second disciplinary act during his tenure with Fastenal.  When Plaintiff inquired as to why Mr. Charles was not terminated for this incident, Mr. Anderson told Plaintiff that he did not want to fire Mr. Charles because he was "the breadwinner" of his family, referring to the employee's male-dominated position within his family.

14.    Jake Goodwin, a Jasper general manager (the same position held by Plaintiff, albeit in a different location) was demoted after Kenneth Todd Anderson went on surveillance of the employee, following him to discover that he was on paid company time but was taking care of personal business.  Again, Mr. Anderson chose not to terminate Mr. Goodwin but demoted him as he was the "breadwinner" of his family.

15.    Defendant is strictly liable for Kenneth Todd Anderson's discriminatory conduct because Mr. Anderson took a tangible employment action against Plaintiff that significantly changed her employment status in that Plaintiff was fired.

16.    Plaintiff would further show that upon information and belief, at the time of her termination from Fastenal, there was only one other female general manager within Kenneth Todd Anderson's district, who was also later terminated.  Plaintiff contends that Fastenal treated female employees unfairly and took affirmative steps to eliminate female general managers.

3

## V.  DAMAGES

17.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

      a.      Plaintiff was discharged from employment with Defendant.  Plaintiff has been unable to find a job at comparable pay.  Because of Defendant's non-competition agreement, Plaintiff incurred expenses in seeking temporary other employment out of state.

      b.      Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits.  Reinstatement of Plaintiff to her previous position is impractical and unworkable.  Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate her.

      c.      Mental anguish and humiliation in having been fired.

      d.      Compensatory damages allowed by statute.

## VI.  ATTORNEYS FEES & COSTS

18.     Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## VII.  PRAYER

For these reasons, Plaintiff asks for judgment against Defendant for back pay, front pay, compensatory damages, pre-judgment interest, post-judgment interest, attorney fees and costs and for all other relief the Court deems appropriate.

Respectfully submitted,

**BERNSEN LAW FIRM**

_____
David E. Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Christine L. Stetson
State Bar No. 00785047
cstetson@bernsenlaw.com
420 N. MLK, Jr. Pkwy
Beaumont, Texas 77701
409/212-9994 – Telephone
409/212-9411 – Facsimile
**ATTORNEYS FOR PLAINTIFF**